UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ISMAEL HERNANDEZ-NAVARRO, #1945899,**

    **Petitioner,**

v.                                                                                          ACTION NO. 2:24cv139

**CHADWICK DOTSON,**
**Director of the Virginia Department of Corrections,**

**Respondent.**

## REPORT & RECOMMENDATION FOR DISMISSAL

This matter was initiated by Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 submitted by pro se Petitioner Ismael Hernandez-Navarro ("Hernandez-Navarro" or "Petitioner"). (ECF No. 1). Hernandez-Navarro also filed a Motion for Leave to Proceed *In Forma Pauperis*, which the court granted. (ECF Nos. 2, 9). Hernandez-Navarro's petition reflects he is currently serving a 15-year prison sentence for a 2024 conviction of non-capital second degree murder. His petition appears to allege ineffective assistance of counsel claims, including that Defendant was promised—among other things—to receive time served when he was sentenced on January 11, 2024.

Hernandez-Navarro's petition does not appear to allege any facts which would permit the court to find that he has exhausted his claims by first presenting them to the Supreme Court of Virginia. "Exhaustion is a matter of comity to the state courts and failure to exhaust requires dismissal from federal court so that a petitioner may present his claims to a state court." Sparrow v. Director, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). For those in the custody of the Commonwealth, this requires that the petitioner present the factual and legal claims raised in his

1

habeas petition to the Supreme Court of Virginia, either by way of direct appeal, a state habeas petition, or appeal of a Circuit Court's denial of a habeas petition. Id.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A)     the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)     there is an absence of available State corrective process; or
>
> (B)(ii)     circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

On March 28, 2024, the court entered an Order Granting Motion to Proceed *In Forma Pauperis* and to Show Cause, directing Hernandez-Navarro to show cause within 30 days why this matter should not be dismissed for failing to exhaust available state court remedies. (ECF No. 9).[1] Hernandez-Navarro filed two responses to the Order to Show Cause, however, his responses fail to demonstrate proof of exhaustion as required. (ECF Nos. 15, 16).

The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Based on the foregoing, it is does not appear that Hernandez-Navarro has exhausted his state court remedies in conformity with 28 U.S.C. § 2254(b). This court must decline to reach the merits of the petition until the state courts have been afforded full opportunity to consider Petitioner's contentions. See Strader v. Allsbrook, 656 F.2d 67 (4th Cir. 1981). (citing Picard v. Connor, 404 U.S. 270 (1971)). Because Petitioner has failed to exhaust his state remedies the undersigned recommends that his

---

[1] The Order was returned to the court as undeliverable due to Petitioner's relocation. The court received submissions from Petitioner updating his address and inmate number (ECF Nos. 11, 14) and a new Order to Show Cause was resent to him at the new address with a new deadline date. (ECF No. 13).

petition be DENIED and DISMISSED without prejudice to his right to present his claims at a later date following exhaustion.

By copy of this report and recommendation, Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner.

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

June 21, 2024

3

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

Ismael Hernandez-Navarro
#1945899
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160


Fernando Galindo, Clerk

By ___V.Pearson_____
                 Deputy Clerk

_____June 21_____, 2024